FILED
TG
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA PELLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | **08 C 135** |
| WYETH PHARMACEUTICALS INC., a ) | **JURY DEMAND** |
| corporation, ) | |
| ) | **JUDGE LEFKOW** |
| Defendant. ) | **MAGISTRATE JUDGE COX** |
| _____ ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendant Wyeth Pharmaceuticals Inc. ("Wyeth") hereby removes to this Court the state-court action described in paragraph 1 below.

### THE REMOVED CASE

1. The removed case is a civil action filed on or about November 7, 2007 in the Circuit Court of Cook County, Illinois (the "State Court"), having been assigned Cause No. 2007-L-012645 and styled *Pamela Pellack v. Wyeth Pharmaceuticals, Inc., a corporation*.

### PAPERS FROM REMOVED ACTION

2. Pursuant to 28 U.S.C. § 1446(a), a complete copy of the State Court file in this action is attached hereto as Exhibit 1, which consists of true and correct copies of the Summons and Complaint. No other proceedings have taken place in State Court as of the date of the filing of this Notice.

## THE REMOVAL IS TIMELY

3. Defendant is informed and believes that the first date upon which they received a copy of the Summons and Complaint in the removed case was December 11, 2007. This notice of removal is therefore timely under 28 U.S.C § 1446(b).

## THE VENUE REQUIREMENT IS MET

4. Venue is proper under 28 U.S.C. § 1446(a) because this case is pending in the Circuit Court of Cook County, Illinois. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP EXISTS

5. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6. On information and belief, plaintiff Pamela Pellack is a citizen of the State of Illinois.

7. Wyeth Pharmaceuticals Inc. is incorporated in Delaware and has its principal place of business in Pennsylvania.

8. Because the Plaintiff is a citizen of Illinois, and the Defendant is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.[1]

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

9. The monetary value of the amount in controversy exceeds $75,000, exclusive of interests and costs.

---

[1] The Complaint states that Ms. Pellack was a resident of the State of Illinois at all times material to her Complaint. (Ex. 1, Complaint, ¶ 1.) This gives Wyeth a good-faith basis to believe that there is diversity of citizenship between the parties. *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991).

10. Where, as here, the complaint does not explicitly allege damages exceeding the $75,000 jurisdictional minimum,[2] removal is nevertheless appropriate if there is a "reasonable probability" that the damages claimed by the plaintiff exceed that amount. *See, e.g., Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 & n.2 (7th Cir. 1993); *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005); *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941-42 (N.D. Ill. 2002). This occurs where "it is obvious from a common-sense reading of the complaint that [the] [p]laintiff[] [is] seeking in excess of $75,000 in damages," such as where the plaintiff "allege[s] serious, permanent injuries and significant medical expenses." *McCoy*, 226 F. Supp. 2d at 941 (collecting cases); *see also Chase*, 110 F.3d at 428-29; *Gallo*, 371 F. Supp. 2d at 947-48.

11. Plaintiff seeks compensatory damages arising out of the use of hormone therapy drugs. A common sense reading of the Complaint makes clear that Plaintiff seeks damages in excess of $75,000. Plaintiff alleges that she "suffers from breast cancer" and "had a right mastectomy for right breast carcinoma" as a result of her ingestion of Wyeth's hormone therapy medications. (Ex. 1, Complaint, Count I, ¶ 17; Count II, ¶ 19.) Plaintiff also claims that she "has suffered a loss of the enjoyment of normal life," that she "has been and will continue to be hindered" from pursuing her usual occupation, that she "has been deprived of large earnings

---

[2] The Complaint alleges damages "in excess of fifty thousand dollars," which is the jurisdictional minimum for cases filed in the Law Division of the Circuit Court of Cook County. *See Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 946 (N.D. Ill. 2005). Illinois law prohibits plaintiffs alleging claims for personal injuries from specifying exact damages in their complaints beyond the jurisdictional limit set by the local circuit court rule. 735 ILCS 5/2-604; *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). Accordingly, Plaintiff's failure to allege damages of $75,000 or more does not constitute a binding stipulation not to seek damages in excess of the federal jurisdictional minimum. *See, e.g., Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511-12 (7th Cir. 2006).

and profits which she would otherwise have made," and that she "has been and will continue to be compelled to expend . . . large sums of money for the care and treatment" of her injuries. (*Id.*)

12. Courts routinely find that allegations of serious injuries like those alleged by Plaintiff satisfy the jurisdictional minimum. *See, e.g.*, *McCoy*, 226 F. Supp. 2d at 941 (holding that it "was obvious from a common sense reading of the complaint that [p]laintiffs were seeking in excess of $75,000 in damages" where the plaintiffs alleged that they suffered "lasting and permanent injuries," incurred medical bills, lost wages and profits which they otherwise would have acquired, and suffered "severe pain and emotional distress," "loss of normal life, disfigurement, and paralysis"); *Gallo*, 371 F. Supp. 2d at 948 (holding that "a reasonable reading of the complaint [made] clear that more than $75,000 was at issue" where plaintiff alleged permanent and disfiguring injuries requiring hospitalization; loss of the ability to work, and liability "for large sums of money for the care and treatment of his injuries"); *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (concluding that it was "undeniably facially apparent" that plaintiff's damages exceeded $75,000 because he alleged that he had contracted leukemia from defendant's chemicals).

13. Reported verdicts and settlements in cases where the alleged injury is breast cancer indicate that damages in such cases exceed $75,000. *See Rozar v. Kaiser Foundation Healthcare*, 21 No. 8 Verdict Settlements & Tactics ("VST") 348 (Westlaw 2000) ($842,680 arbitration award for delay in diagnosing breast cancer); *Howstow v. Rosenburg*, 21 No.2 VST 65 (Westlaw 2000) ($750,000 verdict in suit alleging failure to diagnose breast cancer); *Mathews v. Bloy*, 19 No.4 VST 141 (Westlaw 1999) ($400,000 awarded in suit alleging failure to diagnose breast cancer); *Ruffin v. Medical Ctr. Radiology Group*, 15 No.7 VST 238 (Westlaw 1995) ($2.6 million awarded to plaintiff in suit alleging failure to diagnose breast

cancer); *Greeley v. Slepian*, 12 No. 8 VST 280 (Westlaw 1992) ($1.4 million arbitration award for failure to diagnose breast cancer).

14. Based on the totality of these factors, there is a reasonable probability that the damages claimed in this case exceed $75,000 and Wyeth has a good faith belief that the amount in controversy meets the jurisdictional requirement.

15. Accordingly, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Illinois; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## MULTIDISTRICT LITIGATION

16. On March 4, 2003, the Judicial Panel on Multidistrict Litigation granted a motion to consolidate pursuant to 28 U.S.C. § 1407, created *In re Prempro Products Liability Litigation*, MDL-1507, and has transferred all federal cases involving postmenopausal hormone replacement therapy to the Eastern District of Arkansas (Judge William R. Wilson, Jr.). Wyeth will identify this removed case as a "tag-along" action, and it can be expected that the Panel will shortly issue a Conditional Transfer Order transferring this case to the Eastern District of Arkansas.

## FILING OF REMOVAL PAPERS

17. Pursuant to 28 U.S.C. § 1446(d), Wyeth will promptly serve a written notice of the removal of this action on plaintiff's counsel, and Wyeth will promptly file a Notice of Filing of Notice of Removal with the Circuit Court of Cook County, Illinois.

**WHEREFORE**, Defendants Wyeth Pharmaceuticals Inc. hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, and requests that further proceedings be conducted in this Court as provided by law.

Dated this 7th day of January, 2008.

Respectfully submitted,

/s/ Erik W. Snapp_____

Dan K. Webb, Esq.
Erik W. Snapp, Esq.
Steven J. Winger, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

Counsel for Defendant Wyeth Pharmaceuticals Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing **Notice of Removal** was served upon the attorneys listed below via U.S. mail and CM/ECF electronic notification.

James T. Farnan
FARNAN & CAHILL
810 Arlington Avenue
LaGrange, IL 60525
(708) 579-9350

/s/ Erik W. Snapp
Dan K. Webb, Esq.
Erik W. Snapp, Esq.
Steven J. Winger, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

Counsel for Defendant Wyeth Pharmaceuticals Inc.