**08 C 135**

**JUDGE LEFKOW**
**MAGISTRATE JUDGE COX**

# Exhibit

# 1

2120 – Served   2620 – Sec. of State.
2121 – Alias Served   2221 – Alias Not Served   2621 – Sec. of State.   CCM N649-100M-02/03/06

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## FIRST MUNICIPAL DISTRICT

| | |
|---|---|
| PAMELA PELLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: |
| Vs. ) | |
| ) | Amount Claimed: $50,000.00 plus costs |
| WYETH PHARMACEUTICALS, INC., ) | |
| a corporation. ) | Return Date: 2007L012645 |
| ) | CALENDAR/ROOM X |
| Defendant. ) | TIME 00:00 |
| | TO SERVE: Medical Malpractice |
| | WYETH PHARMACEUTICALS, INC. |
| | 500 Arcola Road |
| | Collegeville, PA 19426 |

## SUMMONS

To each Defendant:   Addresses listed above
 YOU ARE SUMMONED and required:
 1. To file your written appearance by yourself or your attorney and pay the required fee in:

■ Richard J. Daley Center, 50 W. Washington, **Room 802**, Chicago, Illinois 60602
☐ District 2 – 5600 Old Orchard Rd., Skokie, IL 60077       ☐ District 5 – 10220 S. 76th Ave., Bridgeview, IL 60455
☐ District 4 – 1500 Maybrook Ave., Maywood, IL 60153
On _____, 2007 between the hours of 8:30 a.m. and 2:30.;

☐ District 3 – 2121 Euclid, Rolling Meadows, IL 60008       ☐ District 6 – 16501 S. Kedzie Pkwy., Markham, IL 60428
On _____, 2007 before 9:00 a.m

 2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT ON THE REVERSE SIDE.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEVE ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

 This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE. SEE FEES ON REVERSIDE OF THIS FORM.

| | | | |
|---|---|---|---|
| Atty. No.: | 35500 | WITNESS, _____, 2007 | |
| Name | GUTH, REINKE & FARNAN, LTD. | | |
| Attorney for | Plaintiff | DOROTHY BROWN, Circuit Court Clerk | |
| Address | 161 N. Clark, Suite 2900 | | |
| City | Chicago, IL 60601 | | |
| Telephone | 312/855-0840 | Date of Service: _____, 2007 | |
| | | (to be inserted by officer on copy left with Defendant or other person) | |

** Services by Facsimile Transmission will be accepted at: _____
                        (area code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

07 FF 002                                                                 Attorney No.: 35500

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| PAMELA PELLACK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| WYETH PHARMACEUTICALS, INC., a corporation. | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiffs, PAMELA PELLACK, by and through her attorneys, Guth, Reinke & Farnan, Ltd, and complaining of Defendant, WYETH PHARMACEUTICALS, INC., (hereinafter referred to as "WYETH"), states as follows:

### COUNT I- Negligence

1. On and before December 2, 2005, and at all times materials herein, PAMELA PELLACK, was a resident of the State of Illinois.

2. On and before December 2, 2005, and at all times material herein, WYETH was incorporated in the State of Pennsylvania with its principal place of business in the State of Pennsylvania.

3. On and before December 2, 2005, and at times material herein, WYETH was transacting business in Cook County, Illinois.

4. On and before December 2, 2005, and at all times material herein, WYETH researched a pharmaceutical known as PREMPRO.

5.  On and before December 2, 2005, and at all times material herein, WYETH developed a pharmaceutical known as PREMPRO.

6.  On and before December 2, 2005, and at all times material herein, WYETH formulated a pharmaceutical known as PREMPRO.

7.  On and before December 2, 2005, and at all times material herein, WYETH manufactured a pharmaceutical known as PREMPRO.

8.  On and before December 2, 2005, and at all times material herein, WYETH produced a pharmaceutical known as PREMPRO.

9.  On and before December 2, 2005, and at all times material herein, WYETH marketed a pharmaceutical known as PREMPRO.

10. On and before December 2, 2005, and at all times material herein, WYETH sold a pharmaceutical known as PREMPRO.

11. PAMELA PELLACK was prescribed PREMPRO in 1995.

12. PAMELA PELLACK was administered PREMPRO beginning in the fall of 1995.

13. On or about December 2, 2005, PAMELA PELLACK, was diagnosed with breast cancer.

14. On or before December 2, 2005, and at all times material herein, WYETH was negligent in one or more of the following respects:

(a) Formulating PREMPRO in a manner which increased the risk of breast cancer at a higher rate than those individuals taking other similar drugs, or

(b) Failing to properly address and/or investigate the issue of breast cancer risk through controlled clinical trials; or

(c) Failing to properly warn doctors of the increased breast cancer risks of PREMPRO; or

(d) Failing to properly warn the public of the increased breast cancer risks of PREMPRO; or

(e) Failing to properly warn doctors of known potentially dangerous interactions that PREMPRO would have with other prescription medications; or

(f) Failing to properly warn the general public of the known potentially dangerous interaction with PREMPRO would have with other prescription medications; or

(g) Misrepresenting the safety of PREMPRO to the public at large and minimizing the significant breast cancer risks presented by the drug; or

(h) Was otherwise negligent.

15. As a direct and proximate result of one or more of the of the aforementioned acts or omissions committed by the Defendant, WYETH, Plaintiff, PAMELA PELLACK, was injured and sustained damages.

16. Plaintiff, PAMELA PELLACK, did not know, and could have known, of the potential relationship between PREMPRO and her breast cancer before December 2, 2005.

17. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, PAMELA PELLACK, was injured; has endured and will in the future endure pain and suffering; specifically Plaintiff suffers from breast cancer; she had a right mastectomy for right breast carcinoma which was performed on December 20, 2005. She has suffered a loss of the enjoyment of normal life due to the aforesaid effects of her breast cancer; and she has been and will continue to be hindered from attending her affairs and duties from following her usual occupation, and she has been deprived of large earnings and profits which she would otherwise have made; and she has been and will be compelled to expend and become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, Plaintiff, PAMELA PELLACK, asks judgment against the Defendant, WYETH, for a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II- Products Liability

1-12    Plaintiff restates and realleges paragraphs 1-12 of Count I as paragraph 1-12 of Count II herein.

13.    PAMELA PELLACK consumed PREMPRO in the manner in which it was intended to be used.

14.    PAMELA PELLACK consumed PREMPRO in the same condition as when it left the control of WYETH.

15.    In or about December 2, 2005, PAMELA PELLACK was diagnosed with breast cancer.

16.    On or before December 2, 2005, and at all times material herein, PREMPRO was unreasonably dangerous in one or more of the following respects.

(a)    It placed consumers at a greater risk for breast cancer problems, as compared to individuals taking other similar drugs; or

(b)    Its breast cancer risks were not properly investigate through controlled clinical trials; or

(c)    It was not labeled with a warning sufficient to alert doctors of the increased breast cancer risks of PREMPRO; or

(d)    It was not labeled with a warning sufficient to alert the public of the increased breast cancer risks of PREMPRO; or

(e)    It was not labeled with a warning sufficient to alert doctors of known potentially dangerous interactions that PREMPRO would have with other prescription medications; or

(f) It was not labeled with a warning sufficient to alert the general public of the known potentially dangerous interactions that PREMPRO would have with other prescription medications; or

(g) It was labeled and marketed in a way that misrepresented it as safe to the public at large and minimized the breast cancer risked it posed to consumers; or

(h) Was otherwise negligent.

17. As a direct and proximate result of one or more the aforementioned acts or omissions commuted by Defendant, WYETH, Plaintiff, PAMELA PELLACK, was injured and has sustained damages.

18. Plaintiff, PAMELA PELLACK, did not know of the potential relationship between PREMPRO and her breast cancer injuries before December 2, 2005.

19. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiffs, PAMELA PELLACK, was injured; has endured and will in the future endure pain and suffering; specifically Plaintiff suffers from breast cancer. She has suffered a loss of the enjoyment of normal life due to the aforesaid effects of her breast cancer she has been and will continue to be hindered from attending her affairs and duties from following her usual occupation, and she has been deprived of large earnings and profits which she would otherwise have made; and she has been and will be compelled to expend and become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, Plaintiff, PAMELA PELLACK, asks judgment against the Defendant, WYETH, for a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

Respectfully submitted,
PAMELA PELLACK, Plaintiff

By Her Attorneys

Guth, Reinke & Farnan
161 N. Clark Street, Suite 2900
Chicago, Illinois 60601
Phone: 312-855-0840
Attorney No.: 35500

07 FF 002                                          Attorney No.: 35500

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

PAMELA PELLACK,               )
                                                  )
             Plaintiff,                   )
                                                  )
vs.                                        )
                                                  )
WYETH PHARMACEUTICALS, INC.,   )
a corporation.                        )
                                                  )
            Defendant.                )

      The undersigned, James T. Farnan, states, having been duly sworn on oath, that as of this date, the total of money damages sought in this matter exceeds $50,000.00.

                                                              By: _____
                                                                      Guth, Reinke & Farnan, Ltd.
                                                                      Attorneys for Plaintiffs

SUBSCRIBED AND SWORN to before me
this 7th day of November, 2007.

_____
NOTARY PUBLIC

[OFFICIAL SEAL
MARLA ANN ROSWALKA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/09]

GUTH, REINKE & FARNAN, LTD.
161 N. Clark Street, Suite 2900
Chicago, IL 60601
(312) 855-0840
Attorney No. 35500

# MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
## ORDER FOR SERVICE

To: John P. Durante
P.O. Box 311
Norristown, PA 19404

Date: 12/07/2007
Prothonotary No: CCM N649-100M

Phone: 610-278-3331   Fax: 610-278-3331

Attorney's or Plaintiff's Name and Address:

Guth, Reinke, & Farnan
161 N   Clark
Suite 2900
CHICAGO, IL 06061

Atty Id:   Tel #:

Civil Action (Out of State)

**PLAINTIFF**
Pamela Pellack

Vs.

**DEFENDANT**
Wyeth Pharmaceuticals, Inc.

**SERVICE UPON:**
Wyeth Pharmaceuticals, Inc.
500 Arcola Road
COLLEGEVILLE, PA 19426

Last Day for Service: